GENERAL COURT, OCTOBER TERM, 1801.

M'DONOUGH *vs.* TEMPLEMAN.

An agent of a corporate body contracting for the use of the corporation is not personally liable, although the contract be under seal

If an agent contracts under seal, can an action of covenant be supported on the contract in the name of the principal

THIS was an action of *covenant.* The declaration stated, that by certain articles of agreement had, made, concluded and agreed upon, at, &c. on the 10th of January 1797, between one *Edward Burrows,* of the city of Washington, *for and on behalf of the said M'Donough,* by the name of, &c. of the one part, and the said *Templeman, in behalf of The George Town Bridge Company,* of the other part; which said articles of agreement, sealed with the seal of him the said *Templeman,* the said *M'Donough* brings here into court, the date whereof is the day and year aforesaid, and is in the words following to wit: "It is agreed this 10th day of January 1797, between *Edward Burrows* of the city of Washington, *in behalf of Maurice James M'Donough* of Charles county, of the one part, and *John Templeman in behalf of the George Town Bridge Company,* of the other part, that the said *Edward Burrows* doth hire unto the said *John Templeman,* for the

use of the said Bridge Company, seven slaves, named as follows, to wit: *Jem*, &c. belonging to the said *M'Donough*, from the date hereof until the 25th of December next ensuing; and the said *John Templeman* doth agree to pay for each of the said slaves, from the date hereof until the said 25th of December next ensuing, sixty dollars, together with giving them sufficient board, lodging, clothing, and necessary medicine, and other attendance during sickness. The said *John Templeman* doth further agree to send off the said slaves at the expiration of the said term, in good clothing, and to allow *Bob* two and a half days four times in the year, to go to see his wife; the said sum of 420 dollars to be paid by the said *John Templeman* unto the said *Maurice James M'Donough*, or his order, on the said 25th of December next, without any deduction for board or other articles, or for lost time, &c. In witness whereof, the said parties have hereunto set their hands, and affixed their seals, the day and year first above written.

*Edwd. Burrows,* (L. S.)

*John Templeman,* (L. S.)

Signed, sealed and delivered,

  in the presence of

    *Walter Smith.*"

*Averment.* That the negro slaves were delivered, &c. and that the sum of 420 dollars was due and unpaid, &c. The defendant *demurred* generally to the declaration, to which there was a joinder.

THE GENERAL COURT overruled the demurrer, and gave judgment for the plaintiff. The defendant brought a writ of error, and the proceedings were removed to the Court of Appeals.

*Mason,* for the plaintiff in error, contended that the contract in this case was a contract with *The George Town Bridge Company*, and that *Templeman*, the plaintiff in error, was not answerable in his *individual capacity.* By the act of assembly of *November* 1791, *ch.* 81, the legislature of this state incorpo-

rated *The George Town Bridge Company.* The corporation cannot act except by an individual, and if such individual is to be held responsible in his private capacity, there would be no person who would act for the corporation. The contract in this case was made by *Burrows* in *behalf* of *M'Donough,* and by *Templeman* in behalf of *The George Town Bridge Company.* Upon the face of the contract it appears to be in effect a contract between two absent parties. *Templeman* contracted for the company, and cannot be personally liable. The supreme court of the United States decided, that an action would not lie against a foreign consul, on a bill of exchange drawn by him in his official character, on his government. *Jones vs. Le Tombe,* 3 *Dall. Rep.* 384. So in the case of *Macbeath vs. Haldimand,* 1 *T. R.* 172, an officer of government, treating as an agent for his government, was adjudged not to be personally answerable upon contracts made by him in his capacity as agent. The principle upon which these decisions are founded is, that a government is but a corporation, and can only act by agents, and therefore all contracts entered into by such agents, *as agents,* are the contracts of the government, and not their own. The same principle applies to all corporations, and to those who act for them. In the case of *Thomas vs. Bishop,* 2 *Stra.* 955, the plaintiff sued as endorsee of a bill of exchange. The defendant, (cashier of the York Buildings Company,) had accepted the bill *generally,* and not as agent of the company. If the bill had been accepted to be paid out of the York Building fund, the company only would have been responsible. The defendant was held liable by reason of his having accepted the bill generally. These cases are all on simple contract; the one before the court is on a sealed instrument, but that can make no difference; for when a question arises upon the meaning of an instrument, whether the instrument be sealed or not, such question is to be solved in the same way. In *Unwin vs. Wolseley,* 1 *T. R.* 674, it was adjudged, that a servant of the crown, contracting by deed *on account*

*of government,* was not personally answerable; and that such was the law, whether the contract was by deed or parole. So in the case of *Hodgson vs. Dexter,* 1 *Cranch,* 345, where it was decided, that a public agent of the government, contracting for the use of government, is not individually liable, although the contract be under *his seal.* If *M'Donough* in this case is entitled to the hire of the slaves, hired and contracted for by *Templeman,* he is to look to the funds of *The George Town Bridge Company* alone. But even supposing *Templeman* liable in his private capacity, yet it does not follow that he is answerable to *M'Donough,* for the contract is with *Burrows,* and the action should therefore have been brought in the name of *Burrows. M'Donough* being no party to the contract cannot maintain an action on it in his own name. *The George Town Bridge Company,* however, was in fact the contracting party, and not *Templeman,* who was their mere agent.

Oct. 1801

M'Donough
vs
Templeman

*Buchanan,* for the defendant in error. Admitting all the authorities cited by the counsel on the other side to be law, yet the judgment of the general court ought to be affirmed. Two exceptions are taken to that judgment.

1st. That *Templeman* is not personally responsible; and

2d. That *M'Donough* is not a proper party to the suit.

1. The act incorporating *The George Town Bridge Company,* authorises the stockholders to meet and elect three directors to manage the concerns of the company. It is a corporation aggregate. The company may act by their directors, or they may contract by an agent. It does not appear that *Templeman* was *their agent,* or had authority to act for them. He describes himself as the agent; but he expressly stipulates that *he* will pay the money for the hire of the slaves. If he had expressed in the agreement that the company was responsible, there would be some pretext for considering him not personally liable. He

has not signed the contract as agent, although he stated that he contracted for the slaves for the us. of the company. If he is not bound by the contract, who is? The company are not. It cannot be denied that a person may contract as agent, and superadd his own responsibility to that of his principal. This *Templeman* has done. There is not that close analogy between a government and a corporate body, as the counsel for the plaintiff in error supposes. The case of *Jones vs. Le Tombe*, 3 *Dall. Rep.* 384, does not differ from the case of *Macbeath vs. Haldimand*, 1 *T. R.* 172. The bill in that case was expressly drawn on the treasurer of the French government. Mr. *Adet* endorsed, that he had guaranteed the payment on the faith of his government. There was *nothing* in such endorsement to create a personal responsibility in *Adet*. In the case of *Macbeath vs. Haldimand*, Mr. Justice *Ashhurst* said, that a person contracting in the capacity of an agent, may make himself personally answerable; in which Mr. Justice *Buller* concurred. Here *Templeman* has made himself personally liable; but in *Macbeath vs. Haldimand*, there was nothing that even glanced at making *Haldimand* responsible. He was governor of *Quebec*, and contracted throughout as the agent of his government. In the case of *Thomas vs. Bishop*, in 2 *Stra.* 955, it appears that the acceptor, (the defendant,) intended to accept the bill as agent of the York Buildings Company, though it was not so expressed. The letter of advice was addressed to the company, and it appeared to be a transaction with them; but as the defendant did not accept the bill as agent, he was considered personally liable. The case of *Hodgson vs. Dexter*, 1 *Cranch*, 345, is perfectly consonant to the case of *Macbeath vs. Haldimand*. If it is possible for an individual to contract with the government, it was done in that case. *Dexter* is in the contract described "*as secretary of war*," and the demise is to him and "*his successor*." It was as much a contract with the government as if it had been with *John Adams*, president of the United States. It does

not appear by the pleadings in this case, that *Templeman* was the authorised agent of *The George Town Bridge Company.* Had the power of attorney, if he had one, been pleaded, then the case would appear doubtful; but even then it might be contended, that the contract was not entered into with the view of making the company responsible, or that he intended to superadd his own liability. But it is not such a contract as will bind the company; for a corporation aggregate can make no contract except under its corporate seal, or by an agent acting under a power of attorney, under the seal of the corporation. *Com. Dig.* tit. *Franchise.* 12, 13, 14. *Harg. Co. Lit.* 94. *b. Wooderson, s.* 493. 1 *Bac. Ab.* 507. It is laid down in 1 *P. Wms.* 656, that a contract, to bind a corporation, must be under its corporate seal; and that the individual members who signed a corporation lease, were personally responsible, because the lease was not under the seal of the corporation. Every covenant and stipulation in the present contract is, that *John Templeman* shall do so and so; and it does not appear that he had any power of attorney to act for the corporation. If an agent contracts by parol for his principal he may do so in his own name; but a deed by an attorney to bind his principal, must be in the name of the principal, and signed in his name; as A B by C D his attorney, doth grant, &c. or, this indenture made between A B, by C D his attorney, &c. and signed *A B by C D his attorney*; and if executed differently, will be invalid as against the principal. *Ld. Raym.* 1418. 2 *East,* 142.

2. As to the *second point,* that *M'Donough* not having signed the contract, cannot maintain this action in his own name. Can *Burrows* be made responsible? The express covenant is between *M'Donough* and *Templeman,* "the said sum to be paid by the said *Templeman* to the said *M'Donough.*" Upon a conveyance of lands with a warranty, though the grantee does not sign, yet, as the name of the grantee is in the body of the deed, and the covenant is made to

Oct. 1801

M'Donough
vs.
Templeman

him, he may sue and recover upon the warranty, if it be violated.

*Mason*, in reply. The doctrine of a corporation aggregate not being able to act except under their corporate seal, has been overruled in many cases. A corporation is bound by the acts of its authorised agent; and the court are to presume, that *Templeman* was authorised to act for *The George Town Bridge Company*. In the case of *Hodgson vs. Dexter*, it is not said, in any part of the contract, in direct terms, that *Dexter* acted in his official capacity, and that the contract was for the use and benefit of the *United States*, although it may be strongly inferred. But admit he did act as agent, there is nothing in the whole contract which shews he was authorised to act as the agent of the government, and therefore it became necessary to aver that fact in the pleadings. There is, however, no necessity to aver in the pleadings what the parties have conceded in the terms of their contract. In *Unwin vs. Wolseley*, 1 *T. R.* 674, it is stated in the declaration, that the defendant acted as agent of his government. The relative situation of the parties are stated, and by demurring the facts are admitted. But in *Hodgson vs. Dexter*, the relative situation of the parties does not appear, and therefore the necessity of pleading it. Here *Templeman* is stated as the agent acting for *The George Town Bridge Company*, and *M'Donough* cannot be permitted to deny that which is stated in the contract upon which he founds his claim. It has been alleged, that *Templeman* is not to be compared to an agent acting for a government, inasmuch as *The George Town Bridge Company* have directors to act for it. Has not government also its public agents? Must the corporation have a full board of directors convened whenever it wishes to do the most trifling act? It may be conceded that an agent may add his own responsibility to that of the government, or the corporation he acts for; but the plaintiff must make out a very strong case, so as to make the agent personally

answerable. This contract was not made by *M'Do-nough*, but by *Burrows* his agent; and in construing it, the whole must be taken together. The premises in a deed or contract is the most proper place to describe the relative situation of the parties. Here *Burrows* is described as contracting "*in behalf of M'Donough*," and *Templeman* as contracting "*in behalf of The George Town Bridge Company*." It was not necessary that the words "*in behalf of*," &c. should be repeated wherever the names of *Burrows* and *Templeman* were mentioned. If they had been repeated, could there be a doubt that *Templeman* contracted as agent for the corporation? Shall then their omission, when they are clearly to be inferred, alter the nature of his engagement? His authority is sufficiently apparent upon the face of the contract; and facts stated in the contract are to be presumed to be true, unless the contrary appears. *Templeman* is bound to receive *Burrows* as *M'Donough's* agent, and *M'Donough* is bound to receive *Templeman* as the agent of the corporation. It is true *Templeman* has not signed as agent, nor did *Dexter*, in the case cited, sign as *secretary at war*. In the case of a deed, though the grantee does not sign it, yet it is a contract between the grantor and grantee; but a third person cannot sue on, or take advantage of a contract to which he is not a party.

The question before the court is not whether, if *Templeman* is not personally liable, is *The George Town Bridge Company?* But it is simply whether or not *Templeman* is answerable. For although it was intended that the corporation should be bound by the contract, yet if it is not so drawn as to bind it, the fault is not with *Templeman*. He did not intend to bind himself, but supposed he was binding the corporation.

THE COURT OF APPEALS, at June term 1804, *reversed* the judgment of the General Court, being of opinion that the plaintiff in error acted as the agent of *The George Town Bridge Company*, and did not by the contract make himself personally responsible.